[Civ. No. 5159.    First Appellate District, Division One.—April 10, 1925.]

W. S. SMITH & SON et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and CAROLINE H. ROUNTREE, Respondents.

[1] Workmen's Compensation Act—Injuries to Employee—Award of Compensation—Evidence—Certiorari.—In this proceeding to review an award made by the Industrial Accident Commission in favor of an employee for injuries, the award will be affirmed where there was a conflict in the testimony and the conclusion of the Commission was based on proof supported by competent evidence.

(1) Workmen's Compensation Acts, C. J., p. 123, n. 41.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission for compensation. Award affirmed.

The facts are stated in the opinion of the court.

E. L. Stockwell and J. M. Wallace for Petitioners.

Joseph A. Brown for Respondent Rountree.

Warren H. Pillsbury for Respondent Industrial Accident Commission.

CASHIN, J.—*Certiorari* directed to the Industrial Accident Commission to review the proceedings resulting in an award made to Caroline H. Rountree and against Aetna Life Insurance Company, a corporation, the insurer of W. S. Smith & Son, the petitioners herein.

Caroline H. Rountree was on the first day of July, 1923, in the employ of petitioners W. S. Smith & Son. She alleged in her claim for compensation under the provisions of the Workmen's Compensation, Insurance and Safety Act of 1917 that on that day in the course of her employment she fell from a horse, striking her head upon the ground, and receiving injuries which proximately caused a retinal hemorrhage in the left eye and permanent diminution of vision. The Commission made and filed its findings of

fact and award in her favor against petitioner, Aetna Life Insurance Company, holding petitioner liable for the entire disability.    Thereafter the Commission denied a rehearing of the matter.

Petitioners claim that the evidence does not justify the findings of fact, that the findings do not support the award, that the injuries, if any, were an aggravation of an existing disease, and that the Commission in holding petitioner liable for the entire disability acted in excess of its powers.

[1]  After an examination of the whole record in this case we find that there was a conflict in the testimony, and that the conclusions of the Commission are based on proof supported by competent evidence.  We are, therefore, of the opinion that the award should be affirmed, and it is so ordered.

Tyler, P. J., and Knight, J., concurred.